IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| WILLIAM JACK TONEY | § | |
| --- | --- | --- |
| Petitioner, | § | |
| VS. | § | NO. 3-07-CV-1302-G |
| SHERIFF LUPE VALDEZ | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner William Jack Toney, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner is currently incarcerated in the Dallas County Jail awaiting trial on a felony charge of unauthorized use of a motor vehicle. On July 25, 2007, petitioner filed this action in federal district court alleging, *inter alia*, that: (1) his indictment is invalid; (2) he was unlawfully arraigned; (3) he was denied the right to an examining trial; (4) the grand jury did not represent a fair cross-section of the community; and (5) his court-appointed lawyer has not provided him with any assistance. After reviewing his *pro se* writ, the court sent written interrogatories to petitioner in order to determine whether these claims were raised in state court. Petitioner answered the interrogatories on August 21, 2007. The court now determines that this case should be summarily dismissed for failure to exhaust state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). In Texas, a pretrial detainee must present his claims to the Texas Court of Criminal Appeals in an application for writ of habeas corpus before seeking relief in federal court. *See Hamilton v. Dretke*, No. 3-04-CV-2465-L, 2005 WL 38977 at *1 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 256472 (N.D. Tex. Jan. 31, 2005); *Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003).

In his interrogatory answers, petitioner concedes that he has never presented any of his claims to the Texas Court of Criminal Appeals in a state writ of habeas corpus. (*See* Interog. #1). Nor has petitioner shown "exceptional circumstances of peculiar urgency" warranting federal interference with the state corrective process. *See Hamilton*, 2005 WL 38977 at *1; *Davis*, 2003 WL 22389281 at *2. Until petitioner exhausts his state remedies, he may not seek habeas relief in federal court.[1]

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

---

[1] This is the second time petitioner has challenged the terms of his pretrial confinement in a federal writ of habeas corpus without properly exhausting his state remedies. The prior case, which involved a different charge, was also dismissed. *See Toney v. Bowles*, No. 3-00-CV-2596-P, 2001 WL 987899 at *2-3 (N.D. Tex. Aug. 14, 2001).

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 23, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE